## Shatto v. Hood

*Robert L. O'Brien,* for plaintiffs.
*Carol J. Lindsay,* for defendant.

BAYLEY, *J.,* April 10, 1990 — Ben and Donna Shatto instituted this suit in equity on September 6, 1988, against defendants David and Resta Hood. Resta Hood has since died. The complaint seeks monetary and injunctive relief for an alleged "vegetative nuisance." We took testimony on March 28 and 29 and the case is ready for decision.

### FINDINGS OF FACT

(1) Plaintiffs and defendant live adjacent to each other in a developed, residential area on York Road in South Middleton Township, Cumberland County.

(2) Defendant planted some bamboo on his land in 1968, approximately 25 to 30 feet away from plaintiffs' well maintained property. Bamboo is not indigenous to this area.

(3) Within five years the bamboo was next to plaintiffs' property. By the following year it had encroached onto plaintiffs' property.

(4) Plaintiffs asked defendant to eradicate the bamboo from their property and his property so that the encroachment would end permanently.

(5) When defendant did nothing to remove any bamboo on plaintiffs' property, plaintiffs consulted experts on how to get the bamboo permanently off of their property.

(6) Bamboo has underground stems that grow several feet deep. The stems spread rapidly and in order to permanently remove them requires that they be dug out below the roots. The plant is very difficult to control. Conventional herbicides and solvents will not permanently eradicate the roots.

(7) In 1988, defendant's bamboo grew approximately 30 feet into plaintiffs' yard. In a three-week period it had expanded approximately 15 feet. It grew several feet tall.

(8) On the advice of experts, plaintiffs spent $3,658.50 which was the amount necessary to eradicate the bamboo on their property, restore their property to the condition that it was before the encroachment, and install a barrier to prevent future encroachment.

## STATEMENT OF ISSUE

Are plaintiffs entitled to recover damages of $3,658.50, and have an order entered enjoining defendant from encroaching on their property with his bamboo?

## DISCUSSION OF QUESTION OF LAW

Defendant maintains that he owes no duty to plaintiffs to prevent the encroachment of bamboo onto their property or to pay damages for such an encroachment. We disagree. In *Barker v. Brown,* 236 Pa. Super. 75, 80, 340 A.2d 566, 569 (1975), the Superior Court stated:

616

"Urban living, by altering the purpose for which the land is used, must also bring with it certain responsibilities. A tree growing in an urban or residential area does not have the same natural relation to surrounding land as a tree located in a rural setting."

*Barker* presented a question on the liability of the possessor of land for damages caused by his tree falling upon the property of an adjoining landowner. Reversing a motion for summary judgment entered in favor of the owner of the tree, the Superior Court stated:

"We hold that a possessor of land in or adjacent to a developed or residential area is subject to liability for harm caused to others outside of the land by a defect in the condition of a tree thereon, if the exercise of reasonable care by the possessor:

"(a) would have disclosed the defect and the risk involved therein, and

"(b) would have made it reasonably safe by repair or otherwise." 236 Pa. Super. at 81, 430 A.2d at 569. (citations omitted)

## CONCLUSIONS OF LAW

We see no difference between a tree that causes damage to a neighbor's land and a plant that is not indigenous to the land encroaching upon a neighbor's land and ruining their well maintained lawn. Accordingly, plaintiffs had the right to exercise self-help to eradicate the bamboo; they have a right to an order enjoining defendant from such encroachment; and they have a right to damages. See *Marzacco v. Crossley,* 9 Lycoming Rep. 32 (1963); *Marzacco v. Crossley (No. 1);* 29 D.&C. 2d 173 (1962); *Ludwig v. Creswald Inc.,* 7 D.&C. 2d 461 (1956); *Covey v. Apfel,* 72 D.&C. 420 (1950).

## DECREE NISI

And now, April 10, 1990, it is adjudged that:

(1) Defendant, David Hood, is enjoined from encroaching on plaintiffs' land with bamboo from his land.

(2) Damages are awarded to plaintiff in the amount of $3,658.50.

The prothonotary is directed to enter this decree nisi and send a copy of the adjudication and decree to the parties' counsel by regular mail. If no exceptions are filed by any party within 10 days after the entry hereof, the decree shall be entered by the prothonotary as a final order.